UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEVONA MOORE, | ) | CASE NO. 1:17 CV 432 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | OPINION & ORDER |
| UNIVERSITY HOSPITALS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 2, 2017 plaintiff *pro se* Devona Moore filed this *in forma pauperis* action against University Hospitals and the Cleveland Police Department. Plaintiff's one-page complaint states that a Cleveland Police officer was in her birthing room at University Hospitals. She further alleges her vehicle has been illegally monitored via GPS tracking. Plaintiff seeks $10 million in damages, and that the persons involved be fired from their jobs.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Plaintiff does not identify any particular federally protected right defendants are claimed to have violated. Instead she simply provides a brief factual narrative. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Plaintiff's failure to identify a particular legal theory places an unfair burden on defendants to speculate on the potential claims she may be raising against them and the defenses they might assert in response. *Wells v. Brown*, 891 F.2d at 594. Further, assuming she seeks to

assert a civil rights claim under 42 U.S.C. § 1983, government entities "cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). *Monell* requires that to establish such liability under § 1983, "a plaintiff must allege an unconstitutional action that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or a constitutional deprivation[ ] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir.2003)(quoting *Monell*, 436 U.S. at 690-91). The complaint does not set forth allegations indicating defendants have or were following an unconstitutional policy or custom that resulted in a violation of plaintiff's rights.

In sum, even liberally construed, the complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). The dismissal is without prejudice to any valid state law claim plaintiff may have under the facts alleged. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Dated: May 15, 2017             *s/  James S. Gwin*  
                                               JAMES S. GWIN  
                                               UNITED STATES DISTRICT JUDGE